# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| MARY L. WHITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:20-CV-41 RLW |
| | ) |
| GENENTECH-ROCHE | ) |
| PHARMACEUTICAL, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of self-represented plaintiff Mary L. White for leave to commence this civil action without payment of the required filing fee. Having reviewed the financial information provided on plaintiff's application to proceed in forma pauperis, the Court finds the motion should be granted. For the reasons explained below, the Court will order plaintiff to file an amended complaint.

## Legal Standard

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint

states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pled facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented complainants are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff that assumed facts that had not been pleaded).

**The Complaint**

On February 20, 2020, self-represented plaintiff Mary L. White filed this civil suit on a Court-provided form against defendant Genentech-Roche Pharmaceutical ("Genentech").[1] Plaintiff alleges that in 2012 the "manufacturer did not warn the public of the side eff[ects] of the danger/or death that may acone [sic] from the medication." Specifically, plaintiff alleges "manufacturer did not post or lable [sic] warning of danger of the side effects of the medication" and "did not warn the public of who should not take medication." *Id.* Plaintiff further alleges:

---

[1] On the same date, plaintiff filed a separate complaint against Dr. Eduardo D. Verzola. *See White v. Verzola*, 4:20-cv-295-RLW. The two cases share some similar facts.

"S.J.S. scaring [sic] the entire body on mental stress, furtige [sic], anniety [sic], lost [sic] of memory." *Id.* For relief, plaintiff requests the Court to award her $2 million in actual damages "for the scaring [sic] of the entire body from the medication," $1.5 million in punitive damages for "mental stress, anxi[e]ty, loss of memory," $500,000 for loss wages, and $10,000 for medical bills.

## Discussion

From the face of plaintiff's complaint, it is not entirely clear whether she intends to set forth a claim based on a constitutional right, a state law claim for failure to warn, or some other theory of liability. In the section of the form complaint to list specific federal statutes or constitutional provisions, plaintiff wrote: "Bill of Rights." Even construed liberally in favor of the self-represented plaintiff, her vague reference to the Bill of Rights is insufficient to construct a proper legal theory. *See Stone*, 364 F.3d at 914-15 (refusing to construct a legal theory for a self-represented plaintiff); *Gwaltney v. White*, 2016 WL 3255029, at *2 (M.D.N.C. June 13, 2016) (asserting a claim under the "Bill of Rights" does not sufficiently allege federal question jurisdiction under 28 U.S.C. § 1331).

Additionally, having thoroughly reviewed and liberally construed the merits of self-represented plaintiff's complaint, the Court finds she has failed to allege facts permitting the reasonable inference that defendant Genentech is liable for any misconduct. Plaintiff fails to allege the name of the drug at issue or that defendant Genentech was the manufacturer of that drug. Plaintiff also fails to allege any facts permitting the reasonable inference that the scarring on her body was the proximate cause of a drug manufactured by defendant Genentech, or that she used the drug as directed by her physician and pharmacist. While well-pled factual allegations are taken as true, the Court is free to ignore unsupported conclusions and inferences. *See Wiles v. Capitol*

*Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002). In sum, plaintiff's allegations are nothing more than the "the defendant unlawfully harmed me" accusations that the Supreme Court has found deficient. *See Iqbal*, 556 U.S. at 678. When a complaint's factual allegations permit the inference only that it is possible, not plausible, that injury occurred, the complaint fails to meet the minimum standard. *See Twombly*, 550 U.S. at 570, *Iqbal*, 556 U.S. at 678.

Because plaintiff is self-represented, the Court will permit her to file an amended complaint to attempt to cure her pleading deficiencies, which includes the name of the now-unidentified drug, the factual allegations against defendant, and what specific claims she asserts under the United States Constitution, federal law, or federal treaties to establish federal question jurisdiction under 28 U.S.C. § 1331.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail plaintiff a blank form complaint for the filing of a non-prisoner civil rights action.

**IT IS FURTHER ORDERED** that, consistent with this Memorandum and Order, plaintiff shall file an amended complaint on the Court-provided form within thirty (30) days of the date of this Order.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply timely and fully with this Order, the Court may dismiss this action without prejudice and without further notice.

Dated this 26th day of March, 2020.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE