UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MARY L. WHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:20-CV-41 RLW |
| ) | |
| GENENTECH-ROCHE ) | |
| PHARMACEUTICAL, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of plaintiff Mary White's amended complaint. After review of the amended complaint and the supplemental amended complaint the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

**Legal Standard**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pled facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented complainants are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff that assumed facts that had not been pleaded).

## The Amended Complaint

On February 20, 2020, self-represented plaintiff Mary L. White filed this civil suit on a Court-provided form against defendant Genentech-Roche Pharmaceutical ("Genentech").[1] The Court granted plaintiff's motion to proceed in forma pauperis and reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915 on March 26, 2020. In the Memorandum and Order issued on that same date, the Court noted that plaintiff had failed to properly allege subject matter jurisdiction in this action and that her complaint was conclusory. The Court ordered plaintiff to file an amended complaint. Plaintiff filed an amended pleading on April 6, 2020, and she filed a supplemental pleading on May 1, 2020.

---

[1] On the same date, plaintiff filed a separate complaint against Dr. Eduardo D. Verzola. *See White v. Verzola*, 4:20-cv-295-RLW. The two cases share similar facts. The Court dismissed that case for lack of subject matter jurisdiction.

2

Plaintiff alleges in a conclusory fashion in her amended complaint and supplemental filings that the Bill of Rights should protect her from harm from the side effects of a medication prescribed for her by her doctor and manufactured by defendant. Plaintiff states that she has scarring over her entire body, and that she has suffered "mental abuse."

She claims that her rights under the Eighth Amendment were violated; that harm was done to her physically; that her doctor prescribed the medication that caused her harm; that she will show pictures of this medication; that the medication was unsafe for consumer use, and that the Food and Drug Administration included a warning to stop and treat dangerous side effects; that her rights have been violated under the Consumer Bill of Rights; and that plaintiff's "right to inform" was violated. Plaintiff also contends that under the "Federal Patient Bill of Rights" she has a right to appropriate medical care and humane treatment pursuant to the Eighth Amendment; the right to informed consent under the First Amendment; and the right to information.

Plaintiff further alleges that she was harmed by the use of the medication Incivek (telaprevir), Peginterferon alfa, and Ribavirin during the Hep C treatment in the year of 2012 under the care of a doctor and was not aware of the dangers that these medication carried for years. She states that she stumbled across what she believed to have caused her health issues, resulting in this lawsuit.

Plaintiff additionally alleges that the under the First Amendment, her rights were violated when the drugs manufactured by defendant failed to provide proper labeling as to side effects.

Plaintiff also claims that her Eighth Amendment right was violated because the manufacturer failed to inform the public that the drugs caused serious side effects. As noted above,

3

she claims that the drugs caused scarring over half her body, mental illness and damaging side effects that occurred later.

Plaintiff alleges that in 2012 the manufacturer did not warn the public of the side effects of the danger/or death that could occur as a result of taking the medication.[2] Specifically, plaintiff alleges that the manufacturer did not properly warn of the purported dangerous side effects and did not warn that the public should not take the medication.

Plaintiff seeks monetary damages in this action.

### Discussion

### A. Failure to Warn

On March 26, 2020, the Court reviewed plaintiff's original complaint pursuant to 28 U.S.C. § 1915. The Court ordered plaintiff at that time that she was required to amend her complaint in order to concisely state how this Court had subject matter jurisdiction over her action. Additionally, plaintiff was told that she needed to concisely set forth her allegations against defendant in her amended complaint. Plaintiff was warned that her amended complaint would replace the original and was instructed that the "Statement of Claim" section of the Court-provided form should be concise and complete.

Despite the Court's instructions, plaintiff submitted the instant amended complaint with less facts than her original complaint. Plaintiff's amended complaint lacks a Statement of Claim section. Rather, it is filled with conclusory allegations and legal conclusions. Plaintiff has failed to include information as to the purported factual allegations in this lawsuit.

---

[2] When plaintiff refers to "the medication," she does not indicate which of the three medications she is referring to.

The Court cannot find that plaintiff has asserted any facts permitting the reasonable inference that defendant is liable for any misconduct. Plaintiff only offers unsupported conclusions which fail to properly allege that the unidentified drugs were the proximate cause of her skin reactions, mental fatigue, and memory loss, that defendant had any involvement in the manufacture or distribution of the drugs, or that defendant failed to adequately warn of the risk. *See Wester v. Bristol Myers Squibb Co.*, 2020 WL 619681, at *2 (E.D. Mo. Feb. 7, 2020) (dismissing plaintiff's products liability claim pursuant to § 1915 because plaintiff did not allege facts permitting the reasonable inference that the side effects were attributable to the drug, or that she used the drug in a manner reasonably anticipated during the relevant time period); *Johnson v. Medtronic, Inc.*, 365 S.W.3d 226 (Mo. Ct. App. 2012) (a failure to warn claim requires demonstration of proximate cause).

In sum, plaintiff's allegations are nothing more than the "the defendant unlawfully harmed me" accusations that the Supreme Court has found deficient. *See Iqbal*, 556 U.S. at 678. When a complaint's factual allegations permit the inference only that it is possible, not plausible, that injury occurred, the complaint fails to meet the minimum standard. *See Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678.

Moreover, plaintiff fails to address the apparent untimeliness of this action. Although the Court provided plaintiff with the opportunity to plead facts permitting the inference that this action is timely, none have been provided. Plaintiff again alleges that in 2012, eight years ago, she accrued injuries from a medication. As pled, this action is barred by the five-year statute of limitations period for product liability and personal injury under Mo. Ann. Stat. § 516.120(4). "Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma

5

pauperis complaint under 28 U.S.C. § 1915[ ] when it is apparent the statute of limitations has run." *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992). "A federal court sitting in diversity jurisdiction applies the statute-of-limitations of the forum." *Great Plains Trust Co. v. Union Pac. R.R. Co.*, 492 F.3d 986, 992 (8th Cir. 2007) (citing *Nettles v. Am. Tel. & Tel. Co.*, 55 F.3d 1358, 1362 (8th Cir. 1995)); *see also Hanna v. Plumer*, 380 U.S. 460, 465 (1965) (Federal courts sitting in diversity "apply state substantive law and federal procedural law").

Thus, plaintiff's claims against defendant for failure to warn will be dismissed as untimely pursuant to Mo. Ann. Stat. § 516.120(4) and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

### B. First Amendment Claim

In the section of the form complaint to list specific federal statutes or constitutional provisions that the instant action is based upon, plaintiff wrote: "First Amendment." The First Amendment to the United State Constitution provides that: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. Const. amend. I. Plaintiff does not provide any indication as to how defendant violated any of these aforementioned rights. More fundamentally, however, the First Amendment is not applicable to defendant because there are no allegations of state action, or that they were a state actor. *See Manhattan Community Access Corp. v. Halleck*, 139 S.Ct. 1921, 1926 (2019) (stating that "[t]he Free Speech Clause of the First Amendment constrains governmental actors and protects private actors"); and *Harris v. Quinn*, 573 U.S. 616, 629 n.4 (2014) (stating that "the First Amendment does not restrict private conduct"). Therefore,

6

to the extent plaintiff intends to bring a claim under the First Amendment, it will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

### C. Eighth Amendment Claim

In the section of the form complaint to list specific federal statutes or constitutional provisions that the instant action is based upon, plaintiff also wrote: "Eighth Amendment." The Eighth Amendment to the United States Constitution provides that: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend VIII. Similar to the First Amendment, the Eighth Amendment only applies to state action. *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 98-99 (1989) (explaining that the Eighth Amendment "requires the *State* to provide adequate medical care to incarcerated prisoners") (emphasis added). Here, plaintiff has not alleged that defendant is a state actor, or that she is an incarcerated individual. Therefore, to the extent plaintiff intends to bring a claim under the Eighth Amendment, it will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

### D. Federal Patient Bill of Rights and Consumer Bill of Rights

Plaintiff further appears to bring this case under what she calls the "Federal Patient Bill of Rights" and the "Consumer Bill of Rights." Plaintiff provides no information regarding what particular rights under the Constitution or federal laws she intends to invoke. The vague reference to the "Federal Patient Bill of Rights" or the "Consumer Bill of Rights" is insufficient to support the proposition that they are federal laws, much less that they create a private cause of action in this matter. *See Stone*, 364 F.3d at 914-15 (refusing to construct a legal theory for a self-represented plaintiff). Therefore, to the extent plaintiff intends to bring claims under the Federal Patient or

7

Consumer Bill of Rights, they will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal of this Memorandum and Order would not be taken in good faith.

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 5th day of August, 2020.

*[signature]*

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

8